1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10

11   JULIO JULIETA,                          Case No.:  16cv987-BTM-BGS
12                              Petitioner,
                                             **REPORT AND**
13   v.                                      **RECOMMENDATION REGARDING**
                                             **RESPONDENT'S MOTION TO**
14   S. FRAUENHEIM, Warden,                  **DISMISS**
15                              Respondent.
16

17       **I.   INTRODUCTION**

18       Petitioner Julio Julieta[1] ("Petitioner"), a state prisoner, has filed a Petition for Writ

19   of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging his conviction

20   for aggravated kidnapping for purposes of extortion, Cal. Penal Code § 209(a), assault

21   with a firearm, Cal. Penal Code § 245(a)(2), torture, Cal. Penal Code § 206, two counts of

22   forcible rape, Cal. Penal Code § 261(a)(2), and forcible sodomy, Cal. Penal Code §

23   286(c)(2).  (ECF No. 1.)

24       Presently before the Court is Respondent's Motion to Dismiss.  (ECF No. 9-1.)

25   Respondent contends the Petition should be dismissed because the first three claims are

26   moot, and the last three claims fail to raise constitutional issues.  (*Id.*)  Petitioner filed a

27   _____

28   [1] Plaintiff previously went by the name of Ulyses Beltran.

                                        1

response on October 4, 2016.  (ECF No. 11.)  The Motions were taken under submission without oral argument pursuant to So. Dist. CA Local Civ. Rule 7.1(d)(1) and are now ready for disposition.  For the following reasons, the Court **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** in part and **DENIED** in part.

## II.   STATE AND FEDERAL PROCEEDINGS

A San Diego jury convicted Petitioner of aggravated kidnapping for purposes of extortion, Cal. Penal Code § 209(a)), assault with a firearm, Cal. Penal Code § 245(a)(2), torture, Cal. Penal Code § 206, two counts of forcible rape, Cal. Penal Code § 261(a)(2), and forcible sodomy, Cal. Penal Code § 286(c)(2).  The jurors further found that Petitioner had personally used a firearm during all of the offenses other than the torture and assault, Cal. Penal Code § 12022.53(b), that he had inflicted great bodily injury upon the victim during the sex crimes, Cal. Penal Code § 12022.8, and that he had committed the sex crimes in various manners that triggered the One Strike sentencing provisions of Cal. Penal Code § 667.61.  The jury acquitted Petitioner of kidnapping the victim for purposes of rape, and acquitted him of additional counts of rape and sodomy.  (*See* ECF No. 9, Ex. B at 429-43; Ex. C at 721-37); *see also People v. Beltran*, 2015 WL 138749 at *2 (Cal. Ct. App. Jan. 12, 2015), *review denied* (Apr. 22, 2015).

Petitioner was sentenced to forty years, determinate, in state prison to be followed by a term of fifty years to life, indeterminate.  (ECF No. 9, Ex. C at 661-64, 743-45.)  Petitioner appealed, raising six arguments.  The first three arguments concerned the kidnapping-for-extortion conviction.  The California Court of Appeal reversed the kidnapping conviction, holding that there was insufficient evidence that Petitioner had tried to extort property, as opposed to information, from the victim.  The California Court of Appeal declined to address the remaining two arguments regarding jury instructions for the kidnapping charge.

As to the remaining arguments, the California Court of Appeal denied relief on a state-law sentencing question by holding that there was a sufficient delay between some of the sex crimes to permit two separate one-strike sentences.  *People v. Beltran*, 2015

WL 138749 at *5 (applying, e.g., *People v. Jones*, 25 Cal. 4th 98, 101, 107 (2001)). The court held there were no other errors, and it reviewed sealed immigration records regarding the victim before concluding that the trial court had acted within its discretion in not disclosing them to the defense. *People v. Beltran*, 2015 WL 138749 at *6 n.7 (distinguishing *Brady v. Maryland*, 373 U.S. 83, 87-88 (1963)).

Petitioner filed a petition for review that raised all six claims, but the California Supreme Court denied review in April 2015. (ECF No. 9, Exs. J and K.) In June 2015, Petitioner was resentenced to a term of thirty years, determinate, plus fifty years to life. (ECF No. 9, Exs. L and M.)

## III.   RELEVANT LAW

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts expressly permits a district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) ("Rule 4 explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

## IV.   DISCUSSION OF PETITIONER'S CLAIMS

### A. Grounds One Through Three

The first three grounds that Petitioner raises concern his conviction for kidnapping for extortion. Ground one claims that the evidence was insufficient to support the conviction for kidnapping for ransom, reward, or extortion as charged in count one. (ECF No. 1 at 6.) With respect to his claim, Petitioner argues that "no reasonable trier of fact could find that kidnapping someone for information is legally sufficient to prove that appellant kidnapped Guadalupe for 'ransom,' reward or to commit extortion or to exact from another person any money or valuable thing." (*Id.* at 7.) Petitioner argues that this conviction is a violation of his Fourteenth Amendment right to due process. (*Id.* at 8.)

In ground two, Petitioner claims that the trial court violated his Sixth and Fourteenth Amendment rights when it failed to instruct the jury on the lesser included

offense of felony false imprisonment, where the jury could have found the lesser but not the greater offense was committed. (*Id.* at 14-20.) In ground three, Petitioner claims that his Sixth and Fourteenth Amendment rights were violated when the trial court instructed the jury that he could be guilty of kidnapping if he did so to get money or something valuable, when the statute plainly requires that money or a valuable thing be exacted from another person. (*Id.* at 22.)

Respondent argues that these three grounds concern a conviction that was reversed by the California Court of Appeal due to insufficient evidence. (ECF No. 9-1 citing *People v. Beltran*, 2015 WL 138749, at *3-4.) Respondent also notes that Petitioner was re-sentenced in June of 2015, wherein his sentence was reduced by the ten years he had previously been given for the kidnapping charge. (*Id.*) As a result, Respondent argues that these three grounds are moot. (*Id.*) According to Petitioner, the fact that he received a lesser sentence of ten years, and not forty years, indicates that the California Court of Appeal did afford him relief on these grounds. (ECF No. 11 at 3.)

The Court agrees that Petitioner's claims regarding his kidnapping charge are moot, as they were reversed by the California Court of Appeals in 2015. *People v. Beltran*, 2015 WL 138749, at *3-4. Petitioner also received a reduced sentence as a result of the reversal of this charge. (ECF No. 9-14, Ex. M at 3-4.) Petitioner's argument that he should have received a lesser sentence is without merit. The Superior Court during the resentencing stated the following with respect to Petitioner's sentence:

> So a Judgment of Acquittal having been – a Judgment of Acquittal is entered now as to count one and the sentence is vacated as to count one. And the sentence as to the allegation attendant to count one, the allegation pursuant to Penal Code Section 12022.5(b), is also vacated. The remaining counts, judgment was affirmed by the Appellate Court. And so for the purposes of sentencing, the Court having entered a Judgment of Acquittal as to count one and vacated count one and the allegation attendant to count, once again probation is denied. The defendant is remanded to the custody of the Department of Corrections as to Count five for a total of 25 years to life and to count six for a term of 25 years to life, with counts – with both counts to

1
2
3
4
5

run consecutive to one another. Additionally, the defendant is, once again, sentenced to a additional consecutive term of 20 years as to counts five and six pursuant to penal code section 12022.53(b), ten years as to each count. And an additional consecutive term of ten years as to counts five and six pursuant to Penal Code Section 12022.8, five years as to each count. For a total of fifty years to life, plus thirty years. Once again, the 30 years shall be served first.

6

7   (ECF No. 9-14, Ex. M at 3-4.)  Petitioner provides no support for his argument that

8   his sentence should have been reduced by forty years upon the acquittal of the

9   kidnapping charge.  Indeed, Petitioner remained convicted of 1) assault with a

10  firearm, 2) torture, 3) two counts of forcible rape, and 4) forcible sodomy.

11  Petitioner received twenty-five years for each count of forcible rape (*Id.* at 3), and

12  thirty years for the enhancements.  (*Id.* at 3-4.)

13         Because Petitioner was acquitted of the kidnapping charge, there is no conviction

14  for the Court to review.  As a result, it plainly appears from the Petition that he is not

15  entitled to relief.  *Gutierrez*, 695 F.2d at 1198.  The Court, therefore, **RECOMMENDS**

16  that Respondent's Motion to Dismiss and to counts one, two and three be **GRANTED**.

17         **B. Ground Four**

18         In ground four, Petitioner argues that his multiple one-strike life sentence violated

19  former penal code section 667.61[2] and his due process rights.  (ECF No. 11 at 27.)

20  Petitioner argues that Counts 5, 6 and 7 were committed in close temporal and spatial

21  proximity where the victim remained under his "continuous and uninterrupted control."

22  (*Id.* at 27.)  As a result, Petitioner argues that the trial court improperly imposed separate

23

24  _____

25  [2] The former version of California Penal Code § 667.61(g) stated in relevant part: "The term specified in

26  subdivision (a) [i.e., 25 years to life] . . . shall be imposed on the defendant once for any offense or offenses committed against a single victim *during a single occasion* . . . Terms for other offenses

27  committed during a single occasion shall be imposed as authorized under any other law, including Section 667.6, if applicable." (Emphasis added).  Under this version of § 667.61(g), "sex offenses

28  occurred on a 'single occasion' if they were committed in close temporal and spatial proximity."  *People v. Jones*, 25 Cal.4th 98, 107, 104 Cal.Rptr.2d 753, 18 P.3d 674 (2001).

one strike twenty-five years to life sentences under section 667.61(a).  (*Id.* at 30.)

As a basic proposition, only claims which allege a violation of the federal constitution, laws or treaties are cognizable on federal habeas review.  *See* 28 U.S.C. § 2254(a) (West 2006); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Habeas relief is not available for an alleged error in the interpretation or application of state law, unless it involves "fundamental unfairness."  *Id.*  Because there is a possibility that Petitioner's sentence *could* amount to "fundamental unfairness," it cannot plainly appear from the Petition that he is not entitled to relief.  *Gutierrez*, 695 F.2d at 1198.  As a result, the Court **RECOMMENDS** that Respondent's Motion to Dismiss regarding Petitioner's fourth ground for relief be **DENIED**.

### C. Ground Six

In Ground Six, Petitioner requests a "Pitches-type review" of immigration documents regarding the victim in his criminal case.  (ECF No. 1 at 35.)  Petitioner explains that he seeks an *in camera* review of any documents placed under seal by the trial court.  (*Id.* at 36.)  Respondent argues that Petitioner has no constitutional right to receive discovery, let alone post-conviction discovery.  (ECF No. 9-1 at 6.)  Moreover, according to Respondent, even if this request was granted, it would not lead to a release from custody.  (*Id.*)

The California Court of Appeal analyzed this claim, and stated the following:

Before trial, defense counsel sought information as to whether Guadalupe had obtained from the district attorney any promises of immigration relief in the form of either a "U-visa" that would allow her to remain in the United States as a crime victim, or some other favorable consideration. The district attorney's office was then in the process of obtaining Guadalupe's immigration file to determine if it contained discoverable Brady-type7 material. The trial court eventually obtained the documents and informed counsel it would conduct an in camera review, and it later ordered them placed under seal at the conclusion of the case.

Asserting this court has a "constitutional responsibility to review trial court decisions where important rights are concerned," defendant asks that

we independently review the sealed records to determine if any of the documents or other materials were discoverable, and whether the court properly withheld disclosure of any documents or information. We have done so, and conclude the trial court neither abused its discretion in finding none of the materials was discoverable and that disclosure of the information was not appropriate, nor did the court violate any "important" right.  (*See*, e.g., *People v. Myles* (2012) 53 Cal.4th 1181, 1209 [applying abuse of discretion standard].)

While the Court agrees that a request for *in camera* review of state court discovery proceedings is not cognizable on federal habeas review, *Randolph v. Adams*, 2006 WL 2032542 (N.D. Cal. 2006), the Court disagrees that this claim does not present a federal issue.  Courts are required to liberally construe habeas petitions to effectuate the apparent intent.  *Hernandez v. Holland*, 750 F.3d 843, 858 (9th Cir. 2014) (citing *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005).)  Here, although Petitioner's claim requests an *in camera* review of documents, it is clear from the narrative portion of the Petition that he is claiming a violation of his due process rights by the trial court and the California Court of Appeals when they reviewed the immigration documents.  (ECF No. 1 at 36-38.)

The Due Process Clause guarantees criminal defendants a fair trial and a right to present a defense.  *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process."); *California v. Trombetta*, 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984) (the standard of fairness couched in the Due Process Clause "require[s] that criminal defendants be afforded a meaningful opportunity to present a complete defense").  To the extent the failure of the trial court to disclose these documents impacted Petitioner's right to a fair trial, or to present a defense, Petitioner has stated a cognizable claim for federal habeas review.  As such, this Court **RECOMMENDS** that Respondent's Motion to Dismiss as to Petitioner's Sixth ground be **DENIED**.

### D. Ground Five

In Ground Five, Petitioner argues that even if there is no single error that warrants

7

relief, multiple errors "are to be viewed cumulatively," and they require "reversal." (ECF No. 1 at 33.) Respondent argues that Petitioner has not sufficiently alleged that his federal constitutional rights were violated by an accumulation of errors. (ECF No. 9-1 at 8.)

The Supreme Court has clearly established that the combined effect of multiple trial court errors violates due process where it renders the resulting criminal trial fundamentally unfair. *Chambers v. Mississippi*, 410 U.S. 284, 302-03, 93 S. Ct. 1038, 1047, 35 L. Ed. 2d 297 (1973) (combined effect of individual errors "denied [Chambers] a trial in accord with traditional and fundamental standards of due process" and "deprived Chambers of a fair trial"). The cumulative effect of multiple errors can violate due process even where no single error rises to the level of a constitutional violation or would independently warrant reversal. *Id.* at 290 n. 3. The Court has recommended that two claims survive Respondent's Motion to Dismiss. As a result, it does not plainly appear that Petitioner is not entitled to relief based on a theory of cumulative error. *Gutierrez*, 695 F.2d at 1198. The Court **RECOMMENDS** that Respondent's Motion to Dismiss as to this claim be **DENIED**.

## V.    CONCLUSION

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. section 636(b)(1). For the reasons set forth above, it is **RECOMMENDED** that Respondent's Motion to Dismiss is **GRANTED in part** and **DENIED in part**. It is **RECOMMENDED** that Petitioner's grounds one through three are **DISMISSED**.

IT IS ORDERED that no later than **February 17, 2017**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **March 3, 2017**. The parties are advised that failure to file objections within the specified time may waive the right to raise those

objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).


Dated:  February 3, 2017

_____

Hon. Bernard G. Skomal
United States Magistrate Judge

16cv987-BTM-BGS