UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Julio Julieta,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>S. Frauenheim, Warden,<br><br>　　　　　　　　　　Respondent. | Case No.:  16cv987-BTM-BGS<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL** |

　　　Petitioner filed a Motion to Appoint Counsel along with his original federal petition.  (ECF No. 2.)  In this motion, Petitioner asserts that he requires representation because he only speaks Spanish, and the inmate he used to help him write the motion to appoint counsel "does not know what to do behalf of the petitioner in this case."  (*Id.* at 1.)

　　　Every defendant has an absolute right to counsel on direct appeal from a conviction, but there is no constitutional right to appointment of counsel in state or federal collateral proceedings.  *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991).  Nevertheless, when a federal court "determines that the interests of justice so require, representation may be provided for any financially eligible person who" is seeking relief under 28 U.S.C. § 2254.  18 U.S.C. § 3006A(a)(2)(B); *see Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (the appointment of counsel to represent an indigent petitioner

collaterally attacking a conviction is discretionary with the court, unless an evidentiary hearing is necessary, in which case appointment of counsel is mandatory); *see also* Rules Governing § 2254 Cases, Rule 8(c).

Courts consider various factors in exercising their discretion to decide whether counsel should be appointed. Those factors include the factual or legal complexity of the petition, the likelihood of success on the merits, and the petitioner's understanding of issues and capability to investigate and to present the claims himself. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (no abuse of discretion to deny appointment of counsel when district court pleadings demonstrated petitioner's "good understanding of the issues and the ability to present forcefully and coherently his contentions"). The appointment of counsel is discretionary when no evidentiary hearing is necessary. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1177 (9th Cir. 1990); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).

Here, Petitioner has sufficiently represented himself to date, including the filing of his Habeas Petition and an opposition to Respondent's Motion to Dismiss. (ECF Nos. 1, 11.) Petitioner has extensively articulated his arguments and authority, despite his claims that he struggles with the English language.[1] Moreover, Petitioner's claims present no unusual factual or legal complexity. The Court finds that the interests of justice do not require the appointment of counsel in this case. Petitioner's motion is **DENIED**.

IT IS SO ORDERED.

Dated: February 23, 2017

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[1] The Court has found no legal authority supporting the notion that lack of proficiency in the English language is sufficient to warrant appointment of counsel in a habeas proceeding. *See e.g., Ortiz v. Skolnik*, 2011 WL 2268508, at *2 (D. Nev. June 7, 2011)(denying motion to appoint counsel based on Petitioner's assertion that he "speaks primarily Spanish and needs an interpreter for legal proceedings.")