1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO JULIETA, | Civil No. 16cv0987-BTM (BGS) |
| Petitioner, | **ORDER:** |
| | **(1) ADOPTING THE FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE;** |
| vs. | **(2) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS;** |
| S. FRAUENHEIM, Warden, | **(3) DISMISSING CLAIMS 1-3 FROM PETITION; and** |
| Respondent. | **(4) DIRECTING RESPONDENT TO ANSWER PETITION** |

Julio Julieta (hereinafter "Petitioner"), is a California prisoner proceeding pro se and in forma pauperis with a Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner was convicted on March 15, 2013, of aggravated kidnapping for extortion, assault with a firearm, torture, two counts of forcible rape, and two counts of forcible sodomy, along with firearm use and bodily injury sentencing enhancement findings. (Id. at 1, 7.) Petitioner was sentenced to life in prison on the kidnapping count, plus two consecutive terms of 25 years-to-life on the rape counts, with

1  the sentences on the remaining counts stayed. (Clerk's Tr. at 743-45; ECF No. 9-4 at

2  235-37.) He received an additional 40 years imprisonment for the sentencing

3  enhancement findings, consisting of 10 years for the firearm use enhancement on the

4  kidnapping count, and 30 years for the firearm use and bodily injury enhancements on

5  the two rape counts, for a total term of 90 years-to-life. (Id.) On January 12, 2015, the

6  state appellate court reversed the kidnapping conviction on direct appeal due to

7  insufficient evidence, affirmed in all other respects, and remanded with instructions to

8  enter a judgment of acquittal on the kidnapping charge and resentence Petitioner,

9  including vacating the 10-year firearm use enhancement on the kidnapping count. (ECF

10 No. 9-10.) On June 15, 2015, the trial court acquitted Petitioner of the kidnapping

11 charge and resentenced him to 80 years-to-life. (ECF No. 9-14 at 4-5.) The sentence

12 consisted of the same two consecutive terms of 25 years-to-life on the two rape

13 convictions, plus the same 30 years on the sentence enhancement allegations for those

14 two counts, with the sentences on all other counts stayed. (Id.)

15      Petitioner alleges here that his federal Constitutional rights were violated because

16 insufficient evidence supports the kidnapping conviction (Claim 1), the trial court failed

17 to instruct the jury on false imprisonment as a lesser included offense of kidnapping

18 (Claim 2), the jury was improperly instructed on the elements of kidnapping (Claim 3),

19 the trial court erred in imposing consecutive 25 years-to-life sentences on the two rape

20 counts (Claim 4), by the cumulative effect of the errors (Claim 5), and because the

21 defense was denied access to the victim's sealed immigration file which the trial and

22 appellate courts reviewed in camera (Claim 6). (ECF No. 1 at 11-43.[1])

23      Respondent has filed a Motion to Dismiss, contending that Claims 1-3 are moot

24 due to the reversal on appeal and subsequent acquittal of the kidnapping count, and that

25 Claims 4-6 are not cognizable on federal habeas. (ECF No. 9.) Petitioner has filed a

26 Traverse arguing that Claims 4-6 are cognizable on federal habeas, and that Claims 1-3

27

28      [1] The Court refers to the page numbers assigned by the Court's Electronic Case Filing ("ECF") system when citing to the Petition.

1   are not moot because if he had received complete relief from the state court on his
2   kidnapping charge his sentence would have been reduced by 40 years rather than merely
3   10 years.  (ECF No. 11.)

4        United States Magistrate Judge Bernard G. Skomal has filed a Report and
5   Recommendation ("R&R") which recommends the Motion to Dismiss be granted as to
6   Claims 1-3 and denied as to Claims 4-6.  (ECF No. 12.)  The Magistrate Judge found that
7   Claims 1-3 are not cognizable on federal habeas because they challenge a conviction
8   which has been invalidated, and that Petitioner is incorrect in his assertion that his new
9   sentence did not reflect complete relief from that conviction.  (R&R at 3-5.)  The
10  Magistrate Judge found that Claims 4-6 are, on their face, cognizable on federal habeas,
11  and recommended denying the Motion to Dismiss with respect to those claims.  (R&R
12  at 5-8.)  Respondent has filed Objections to the R&R, objecting to the findings that
13  Claims 4-6 present federal claims.  (ECF No. 13.)  Petitioner has not filed Objections to
14  the R&R and has not filed a Reply to Respondent's objections, although he was granted
15  leave to do so.  (R&R at 8.)

16        The Court has reviewed the R&R and the Objections thereto pursuant to 28 U.S.C.
17  § 636(b)(1), which provides that: "A judge of the court shall make a de novo
18  determination of those portions of the report or specified proposed findings or
19  recommendations to which objection is made.  A judge of the court may accept, reject,
20  or modify, in whole or in part, the findings or recommendations made by the magistrate
21  judge."  28 U.S.C. § 636(b)(1).

22        The Court adopts in full the Magistrate Judge's findings and conclusions with
23  respect to Claims 1-3, to which no party has objected.  The R&R correctly noted that
24  Claims 1-3 challenge a conviction for which Petitioner was acquitted and for which he
25  is not currently serving a sentence.  (ECF No. 9-14 at 4-5.)  Accordingly, those claims
26  do not allege "that he is in custody in violation of the Constitution or laws or treaties of
27  the United States," as required to state a cognizable claim on federal habeas.  28 U.S.C.
28  § 2254(a); see e.g. Renteria v. Adams, 526 Fed.Appx. 724, 725 (9th Cir. 2013) (holding

1    that federal habeas claim alleging petitioner was prosecuted in violation of double

2    jeopardy was mooted by his acquittal at trial).

3         With respect to Claims 4-6, the Magistrate Judge found they <u>allege</u> federal

4    constitutional violations, and dismissal is not appropriate prior to the filing of an Answer

5    because it does not plainly appear from the face of the Petition that Petitioner is not

6    entitled to relief with respect to these claims.  (R&R at 5-8, citing Rule 4, Rules foll. 28

7    U.S.C. § 2254 ("If it plainly appears from the petition and any attached exhibits that the

8    petitioner is not entitled to relief in the district court, the judge must dismiss the petition

9    and direct the clerk to notify the petitioner.").)  Respondent objects, arguing that Claim

10   4 does not present a federal claim, and even if it did it is without merit, that Claim 5 does

11   not state a federal claim because there are no errors to accumulate, and that Claim 6 does

12   not state a federal claim because there is no constitutional right to discovery, and because

13   the state appellate court viewed the victim's immigration file in camera, refuting

14   Petitioner's claim that he could not have a meaningful appellate review without access

15   to those materials.  (Obj. at 2-6.)

16        Respondent contends Claim 4 merely challenges Petitioner's sentence, and,

17   although admitting that clearly established federal law provides that a state sentencing

18   error can rise to the level of a federal due process violation, argues that Petitioner has

19   failed to assert a violation of his federal constitutional rights arising from the alleged

20   sentencing error, and even if he had, there is no such error here.  (ECF No. 9-1 at 5-6.)

21   The Court agrees with the Magistrate Judge that Respondent's argument is appropriately

22   considered after the Petition has been answered.  The same is true with respect to Claim

23   5, alleging cumulative error, which Respondent acknowledges can rise to the level of a

24   federal due process violation if there are errors to accumulate, but argues there are no

25   errors here.  (<u>Id.</u> at 7-9.)

26        Finally, Respondent argues that Claim 6 does not state a federal claim because

27   Petitioner does not have a right to discovery, and since the documents sought are not in

28   the custody or control of Respondent, he cannot assert a violation of <u>Brady v. Maryland</u>,

373 U.S. 83 (1963).  (ECF No. 9-1 at 6-7.)  This claim was presented to the state supreme court by Petitioner in a pro se petition for review following the appellate court decision.  (ECF Nos. 9-11.)  Petitioner asked the state supreme court to review the materials and, if they determined they should have been disclosed to the defense at trial, order them disclosed to the defense so a new trial motion could be filed, or, if the materials are no longer available, reverse the conviction on the basis that his right to meaningful appellate review as protected by the Sixth Amendment to the United States constitution was violated.  (Id. at 50-52.)  Petitioner claims that the victim was less than candid in her testimony against him, and may have had a reason to embellish her allegations, because she was an otherwise excludeable alien who could obtain a crime-victim visa, and without her immigration file the defense may not have been able to effectively cross-examine her.  (Id.)  Petitioner presented the claim to this Court by attaching to his Petition a photocopy of that portion of his pro se petition for review filed in the state supreme court.  (Compare id. with ECF No. 1 at 41-43.)

The Court adopts the Magistrate Judge's findings and conclusions with respect to Claim 6 and overrules Respondent's objections.  This claim was presented to the state court, and is presented to this Court, as alleging a violation of the United States Constitution arising from the failure of the state courts to release to the defense the sealed in camera materials.  The Court is required to liberally construe the Petition when determining whether a pro se petitioner has stated a cognizable claim for relief.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court agrees with the Magistrate Judge that Respondent's argument regarding whether Petitioner has demonstrated a federal due process violation arising from the lack of access to the victim's immigration file is appropriately considered after the Petition has been answered.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court **ADOPTS** the findings and conclusions of the Magistrate Judge, **OVERRULES** Respondent's Objections, **GRANTS** in part and **DENIES** in part Respondent's Motion to Dismiss the Petition for a writ of habeas

corpus, **DISMISSES** Claims 1-3 from the Petition, and **DIRECTS** Respondent to Answer Claims 4-6 in the Petition.

Respondent shall file an Answer within forty-five (45) days of the date of this Order.  Petitioner may file a Traverse within thirty (30) days of being served with the Answer.

**IT IS SO ORDERED.**

DATED: March 14, 2017

**BARRY TED MOSKOWITZ**
United States District Judge

16cv0987