UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO JULIETA, aka ULYSES SANDOVAL BELTRAN,<br><br>          Petitioner,<br><br>v.<br><br>F. FRAUENHEIM, Warden,<br><br>          Respondent. | Case No.: 16cv0987-BTM (BGS)<br><br>**ORDER:**<br><br>**(1) ADOPTING THE FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE;**<br><br>**(2) DENYING PETITION FOR A WRIT OF HABEAS CORPUS;**<br><br>**(3) DENYING PETITIONER'S REQUEST FOR REVIEW OF SEALED STATE COURT RECORDS; and**<br><br>**(4) ISSUING A CERTIFICATE OF APPEALABILITY LIMITED TO CLAIM SIX** |

  Petitioner Julio Julieta, aka Ulyses Sandoval Beltran, is a state prisoner proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for assault with a firearm, torture, two counts of forcible rape, and one count of forcible sodomy, accompanied by firearm use and bodily injury sentence

1

enhancements. (ECF No. 1 at 1, 7.) The first three claims in the Petition were dismissed on Respondent's motion to dismiss (ECF No. 15), and the remaining claims allege a violation of federal due process arising from the imposition of consecutive sentences on the two rape counts (claim four), the cumulative effect of the alleged trial court errors (claim five), and denial of access in state court to the victim's sealed immigration records, which the state trial and appellate courts reviewed in camera, and which includes a request for this Court to review those sealed documents (claim six). (ECF No. 1 at 32-43.)

United States Magistrate Judge Bernard G. Skomal has filed a Report and Recommendation ("R&R") which recommends the Petition be denied: (1) as to claim four because Petitioner has not identified a federal basis to challenge the order to run his sentences consecutively; (2) as to claim five because the cumulative effect of the alleged errors did not render his trial fundamentally unfair; and (3) as to claim six because: (a) the adjudication of the claim by the state court could be neither contrary to, nor involve an unreasonable application of, clearly established federal law, because the United States Supreme Court has not extended the federal due process right to a meaningful appellate review to this situation, (b) even if Petitioner could establish a federal due process right implicated by the state court's refusal to unseal the victim's immigration records, relief would be barred by Teague v. Lane, 489 U.S. 288 (1989), and (c) even if relief were not barred by Teague the claim would fail on the merits because his federal due process rights were adequately protected by the in camera review of the records in state court. (R&R [ECF No. 20] at 13-23.) Petitioner has not filed Objections to the R&R.

The Court has reviewed the R&R pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). Having conducted a de novo review of the entirety of the Magistrate Judge's

findings and conclusions irrespective of the absence of objections, the Court **ADOPTS** the Magistrate Judge's findings and conclusions in full and **DENIES** habeas relief for the reasons set forth in the R&R. In addition, the Court addresses Petitioner's request that this Court conduct a review of the sealed documents.

The victim testified she had returned to the United States illegally several times after being deported, and had not received any benefits from the prosecution for testifying. (R&R at 6.) She testified that around the time of the crime in 2004, the police provided her with immigration paperwork to request permission to stay in the country in order to assist with the prosecution, and that in 2012 an investigating officer made an appointment for her at the Casa Cornelia Law Center to assist her with a U-visa application, which allows otherwise deportable crime victims to remain in the country to assist in the prosecution of the crime, but they were unable to help her, and she had an upcoming appointment with a similar organization to assist her with her immigration status. (Id.) The defense moved for a mistrial on the basis that although the prosecution had disclosed they assisted the victim with a visa application around the time of the preliminary hearing in 2011-12, the prosecution had not disclosed the police had assisted the victim with a U-visa application in 2004. (Id.) The trial judge denied the motion, noting that the victim may have confused the dates. The judge did conduct an in camera review of attorney-client privileged documents contained in her Casa Cornelia Law Center file, after which the trial judge determined the defense was already in possession of the majority of the documents in that file, and the remainder were collateral and would not provide assistance to the defense, particularly with respect to whether the victim had received a benefit from law enforcement involving her attempt to obtain a U-visa. (Id. at 6-7.)

In his Petition, Petitioner requests this Court conduct an independent review of those sealed documents, arguing that the victim was in the United States illegally at the time of the crime, that her repeated illegal reentries indicate she was desperate to remain in the United States, and that the sealed documents could be exculpatory if they show she falsely accused Petitioner of criminal conduct in order to remain in the United States on a U-visa

as a crime victim. (ECF No. 1 at 40-43.) Magistrate Judge Skomal correctly found that although clearly established United States Supreme Court precedent protects a state prisoner's right to meaningful appellate review, Petitioner failed to show that the United States Supreme Court has applied those protections to his situation, where attorney-client privileged documents were reviewed in camera by the trial court, sealed for appellate review, reviewed by the appellate court, and never disclosed to the defense. (R&R at 20.) The Magistrate Judge also correctly noted that the United States Supreme Court has in fact held that in camera review of sealed material in state court can protect a defendant's federal constitutional right to due process, and that the procedure used by the state court in this case adequately protected Petitioner's rights in that regard. (Id. at 21, 23.) Although those findings imply there is no need for this Court to independently review the sealed materials, the Magistrate Judge did not explicitly address Petitioner's request for this Court to independently review the materials, other than to find, in connection to Respondent's motion to dismiss, that a mere request for in camera review of state court discovery proceedings is not cognizable on federal habeas review. (ECF No. 12 at 7.)

Petitioner's request for this Court to review the sealed documents is **DENIED**. As set forth in the R&R, claim six can be decided on the merits without such a review. Although Rule 7 of the Rules following 28 U.S.C. § 2254 provides for expansion of the record, such expansion is left to the discretion of the district court. McDonald v. Johnson, 139 F.3d 1056, 1060 (9th Cir. 1998) ("The district court had sufficient facts before it to make an informed decision on the merits of McDonald's claim and, accordingly, did not abuse its discretion [under 28 U.S.C. § 2254(e)(2)] in refusing to hold an evidentiary hearing."); Cooper-Smith v. Palmateer, 397 F.3d 1236, 1241 (9th Cir. 2004) (holding that the provisions of 28 U.S.C. § 2254(e)(2) which apply to evidentiary hearings also apply to expansion of the record under Rule 7 of the habeas rules), overruled on other grounds by Daire v. Lattimore, 812 F.3d 766 (9th Cir. 2016) (en banc). In addition, Petitioner merely speculates that the documents might have assisted the defense, a finding rejected by the trial judge and the appellate court after review of the documents. See Pennsylvania v.

Ritchie, 480 U.S. 39, 58 n.15 (1987) (holding that a defendant must establish "a basis for his claim that [the child protective service file] contains material evidence."); United States v. Michaels, 796 F.2d 1112, 1116 (9th Cir. 1986) ("[M]ere speculation about materials in the government's file (does not require) the district court or this court under Brady to make the materials available for (the appellant's) inspection."); Harrison v. Lockyer, 316 F.3d 1063, 1066 (9th Cir. 2003) (noting that the California procedure of declining to release to the defense citizen complaints about police officers after in camera review without a showing by the defense they contain material evidence "faithfully follows" United States Supreme Court precedent), citing Ritchie, 480 U.S. at 58 n.15 and Brady v. Maryland, 373 U.S. 83, 87-88 (1963).

## **CONCLUSION AND ORDER**

The Court **ADOPTS** the findings and conclusions of the Magistrate Judge in full. The Petition for a Writ of Habeas Corpus is **DENIED** for the reasons set forth in the R&R. Petitioner's request for this Court to review the sealed state court documents is **DENIED**. The Court **ISSUES** a Certificate of Appealability limited to claim six only.

Dated: June 10, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge